IN THE UNITED STATES DISTRICT COURT
STATE OF COLORADO

| | |
|---|---|
| HANOVER INSURANCE COMPANY, as subrogee of Reed Saulsbury, LLC<br><br>Plaintiff,<br><br>v.<br><br>TOPBUILD, CORP., doing business as ALLIED INSULATION,<br><br>Defendant. | Case No. 22-cv-1771<br><br>JURY DEMAND |

## COMPLAINT

NOW COMES Plaintiff HANOVER INSURANCE COMPANY, (hereinafter, "Hanover"), as subrogee of Reed Saulsbury LLC (hereinafter, "Reed Saulsbury"), by and through its attorneys at GROTEFELD HOFFMANN, and for its Complaint against TopBuild Corp., d/b/a Allied Insulation, (hereinafter, "Allied"), and alleges that at all relevant times herein upon information and belief as follows:

## THE PARTIES

1. Plaintiff Hanover is a New Hampshire corporation with its principal place of business located at 440 Lincoln St Worcester, Massachusetts, and is duly authorized to conduct business in the State of Colorado as an insurance provider.

2. Allied is a Colorado corporation with its principal place of business located at 6395 Brighton Boulevard, Commerce City, Colorado and a national headquarters at 475 North Williamson Boulevard, Daytona Beach, Florida.

3. At all times relevant, Defendant Allied was engaged in the business of providing construction and contractor services in the State of Colorado.

4. At all times relevant, Hanover provided a policy of insurance to Reed Saulsbury, which provided indemnification and reimbursement for property damage as a result of, amongst other things, water damage.

## JURISDICTION AND VENUE

5. The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 as Plaintiff Hanover is a citizen of a different state than Defendants Allied and the amount in controversy exceeds $75,000.

6. Personal Jurisdiction of this Court is proper because Defendant Allied has sufficient minimum contacts in the State of Colorado.

7. Venue is proper in the United States District Court of Colorado, pursuant to 28 U.S.C. §1391(a)(1), because a substantial part of the events or omissions giving rise to the claim occurred in the district, and because a substantial part of property that is the subject of the action is situated within the district.

## COMMON ALLEGATIONS

8. At all times relevant, Reed Saulsbury owned real property located at 990 Saulsbury Street, Denver, Colorado (hereinafter, "subject property").

9. Prior to February 15, 2021, Reed Saulsbury hired Defendant Allied as a subcontractor during the renovation and construction of an assisted living and memory care facility within the subject property (hereinafter, "subject project").

10. At all times relevant, Defendant Allied acted as the insulation contractor for the subject project.

11. Upon information and belief, prior to February 15, 2021, Defendant Allied installed blown-in insulation within the attic space of the property.

12. Upon information and belief and at all times relevant, no other contractors were retained to assist in the insulation installation of the attic space of the subject property.

13. On February 15, 2021, a sprinkler pipe located within the attic of the subject property (hereinafter, "subject pipe") burst, resulting in water escaping from the subject pipe (hereinafter, "subject water loss"), as a result of improper insulation.

14. The subject water loss caused water damage throughout the subject property.

15. Subsequent investigation revealed that the subject pipe was not properly protected by the specified insulation requirements and burst as a result of cold air entering into the subject property and freezing the subject pipe.

16. Pursuant to the terms and conditions of the policy of insurance issued to Reed Saulsbury, Hanover has to date paid to, or on behalf of, Reed Saulsbury, an amount in excess of $107,500.00 for the damage caused by the subject water loss.

17. In consideration of payment by Hanover to Reed Saulsbury, and by operation of law, Hanover became an actual, bona fide subrogee of Reed Saulsbury and became subrogated to all of the rights, claims and interests that Reed Saulsbury may have had against any person or entity that may be liable for causing the subject water loss and subsequent damages to Reed Saulsbury's property.

## COUNT I – NEGLIGENCE

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. At all times relevant, Defendant Allied owed Reed Saulsbury a duty to exercise reasonable care in its performance of the subject project in protection of Reed Saulsbury's real property.

20. Notwithstanding said duty, Defendant Allied, by and through its agents and/or employees, breached its duty through one or more of the following acts or omissions:

   a. Failing to follow the blueprints and specifications relating to the insulation requirements;

   b. Failing to ensure the insulation, which was installed was sufficient to meet the insulation requirements;

   c. Failing to adequately insulate the subject pipe to prevent it from freezing;

   d. Failing to adequately train its agents and/or employees on how to complete the subject project in a way that would have avoided the freezing of pipe(s);

   e. Failing to adequately supervise its agents and/or employees to ensure that the subject project was completed in a way that would have avoided the freezing of pipe(s);

   f. Failing to implement policies and procedures or other internal controls regarding precautions to be taken to ensure water pipes do not freeze;

   g. Failing to use due care and safety in performing its work;

   h. Violating applicable federal, state and/or local statutes, ordinances, or codes; and/or

   i. Being otherwise careless and negligent in ways that will be revealed during discovery.

21. On February 15, 2021, as a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant Allied, the subject pipe froze and burst, causing extensive damage to Reed Saulsbury's property.

22. As a result of Defendant's negligence, Hanover was damaged in an amount of at least $107,500.00.

WHEREFORE, Plaintiff Hanover Insurance Company, as subrogee of Reed Saulsbury, prays for judgment in its favor and against Defendant Allied, LLC, in an amount in excess of $107,500.00, along with all costs and fees that this Court deems equitable and just.

4

## COUNT II – BREACH OF IMPLIED WARRANTY OF WORKMANSHIP

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 17 of this Complaint, as though fully set forth in this Count II.

24. Upon accepting the duties and responsibilities to perform the repair work on the subject electrical power, Allied agreed to perform the work in a reasonable workmanlike manner to install the insulation in the property in good and workmanlike manner.

25. Defendant Allied breached the aforesaid warranty of workmanship in one or more of the following ways:

   a. Defendant Allied failed to sufficiently install the insulation; and/or

   b. Defendant Allied failed to hire competent agents, servants, sub-agents, representatives, workmen, employees, and/or subcontractors to install the subject insulation; and/or

   c. Defendant Allied failed to adequately supervise, coordinate and/or inspect the work performed by its agents, servants, sub-agents, representatives, workmen, employees and/or subcontractors in connection with the insulation installation; and/or

   d. Defendant Allied did not take the necessary steps as a reasonably prudent contractor would to ensure the subject insulation was installed properly; and/or

   e. Defendant Allied did not take the necessary steps as a reasonably prudent contractor would to review the plans and specifications to ensure its insulation installation was compliant with the requirements.

26. On February 15, 2021, as a direct and proximate result of Defendant Allied's breach of the implied warranty of workmanship, the subject water loss occurred, causing water damage within the subject property.

27. Pursuant to the policy of insurance issued to Reed Saulsbury, Hanover paid to, or on behalf of Reed Saulsbury, an amount in excess of $107,500 as indemnification and reimbursement for the damages suffered to its real and personal property due to the subject water

loss.

28	In consideration of said payments, and in equity, Hanover became a bona fide subrogee of Reed Saulsbury and is subrogated to all rights, claims, and interests that it may have against any person or entity responsible for this occurrence and resulting damage.

WHEREFORE, Plaintiff Hanover Insurance Company, as subrogee of Reed Saulsbury, prays for judgment in its favor and against Defendant Allied, LLC, in an amount in excess of $107,500.00, along with all costs and fees that this Court deems equitable and just.

## COUNT III- BREACH OF CONTRACT

29.	Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 17 of this Complaint, as though fully set forth in this Count III.

30.	Upon accepting the duties and responsibilities to perform the insulation work on the subject property as stated in the written contract (attached hereto as Exhibit A), Defendant Allied agreed to install, at a minimum the insulation pursuant to all code requirements as well as the plans and specifications.

31.	The subject contract also required Defendant Allied to inspect the insulation after installation to ensure the codes, plans and specifications were all met.

32.	Defendant Allied breached the contract by improperly installing the insulation within the attic, allowing the piping therein to freeze and resulting in a water intrusion.

33.	On February 15, 2021, as a direct and proximate result of Defendant Allied's breach of contract, the subject water loss occurred, causing water damage within the subject property.

34.	Despite Defendant Allied providing a one-year guarantee for proper operation, upon Hanover's notification of the said breach of contract, Defendant Allied denied responsibility and has failed to reimburse Hanover for the damages incurred.

35. Pursuant to the policy of insurance issued to Reed Saulsbury, Hanover paid to, or on behalf of Reed Saulsbury, an amount in excess of $107,500 as indemnification and reimbursement for the damages suffered to its real and personal property due to the subject water loss.

36. In consideration of said payments, and in equity, Hanover became a bona fide subrogee of Reed Saulsbury and is subrogated to all rights, claims, and interests that it may have against any person or entity responsible for this occurrence and resulting damage.

WHEREFORE, Plaintiff Hanover Insurance Company, as subrogee of Reed Saulsbury, prays for judgment in its favor and against Defendant Allied, LLC, in an amount in excess of $107,500.00, along with all costs and fees that this Court deems equitable and just.

> Respectfully submitted,
>
> HANOVER INSURANCE
> COMPANY, as subrogee of Reed Saulsbury
>
> By:  */s/ Brad M. Gordon*

Brad M. Gordon *(Admitted July 30, 2014)*
GROTEFELD HOFFMANN, LLP
311 S. Wacker Dr., Ste. 1500
Chicago, IL 60606
Telephone; (312) 551-0200
Facsimile: (312) 601-2402
Email: bgordon@ghlaw-llp.com